

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MADISON GROUP AND/OR ITS SUCCESSORS, AND/OR ASSIGNEES IN INTEREST,<br><br>    Plaintiff,<br><br>    v.<br><br>MORTON A. KAZMAN, MD, et al.,<br><br>    Defendants. | Case No. CV 13-3247 UA<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

   The Court summarily remands this unlawful detainer action to state court because Defendant removed it improperly.

   On May 7, 2013, Defendant Colleen McGovern, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of the action to this Court with an attached exhibit (*i.e.*, Complaint for Unlawful Detainer Post Foreclosure) ("Notice Ex. A"), and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1        Simply stated, Plaintiff The Madison Group could not have brought this
2   action in federal court in the first instance, in that no basis for original federal
3   jurisdiction appears from the complaint, and the Notice of Removal does not
4   competently allege facts supporting either diversity or federal-question jurisdiction;
5   Therefore, removal is improper.  28 U.S.C. § 1441(a); <u>see</u> <u>Exxon Mobil Corp. v.</u>
6   <u>Allapattah Services, Inc.</u>, 545 U.S. 546, 563 (2005).  Specifically, there does not
7   appear to be complete diversity of the parties (<i>i.e.</i>, plaintiff and one or more of the
8   defendants appear to be citizens of the same state, California).  <u>See</u> <u>Caterpillar Inc.</u>
9   <u>v. Lewis</u>, 519 U.S. 61, 67-68 (1996) (federal diversity jurisdiction applies only to
10  cases in which the citizenship of each plaintiff is diverse from the citizenship of
11  each defendant).  In addition, the amount in controversy alleged does not exceed
12  the diversity-jurisdiction threshold of $75,000 (<i>i.e.</i>, the amount in demand
13  allegedly "does not exceed $10,000").  (Notice Ex. A at 1-2); <u>see</u> 28 U.S.C.
14  §§ 1332, 1441(b).  In any event, Defendant could not properly remove the action
15  on the basis of diversity jurisdiction because she resides in California, the forum
16  state.  <u>See</u> 28 U.S.C. § 1441(b)(2).

17      Nor does Plaintiff's unlawful detainer action raise any federal legal question.
18  <u>See</u> 28 U.S.C. §§ 1331, 1441(b).  Plaintiff alleges only a claim for post-foreclosure
19  unlawful detainer, a California state law action, Cal. Code Civ. P. § 1161a.  <u>See</u>
20  <u>Wescom Credit Union v. Dudley</u>, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)
21  ("[A California] unlawful detainer action does not arise under federal law.").
22  Although Defendant attempts to raise a federal question based on his defense
23  asserted in Plaintiff's unlawful detainer action (Notice at 2), removal jurisdiction
24  cannot be based upon a defendant's defenses or counterclaims.  <u>See</u> <u>Caterpillar Inc.</u>
25  <u>v. Williams</u>, 482 U.S. at 393 ("[A] case may <i>not</i> be removed to federal court on the
26  basis of a federal defense"); <u>see also</u> <u>Wescom Credit Union</u>, 2010 WL 4916578 at
27  *2 (federal defense to unlawful detainer action provided by Protecting Tenants at
28  Foreclosure does not support federal question jurisdiction).

1     Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

2  Superior Court of California, Los Angeles County, Van Nuys Judicial District,

3  6230 Sylmar Avenue, Van Nuys, CA 91401, for lack of subject matter jurisdiction

4  pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to

5  the state court; and (3) the Clerk serve copies of this Order on the parties.

6                         **VEXATIOUS LITIGANT WARNING**

7     The Court also takes judicial notice of its own dockets and the fact that the

8  underlying state unlawful detainer action was improperly removed to this Court on

9  three prior occasions (either by Defendant, or her co-defendant Morton A.

10  Kazman).  See CV 13-1723 UA (DUTYx); CV 13-2560 UA (DUTYx); and CV 13-

11  2672 UA (DUTYx).  Defendant again removes the same action despite this Court's

12  prior remand orders which explain why the action cannot be removed to this Court

13  due to a lack of jurisdiction.

14     Defendant's repetitive, improper removals of the underlying state unlawful

15  detainer action are frivolous and impose an unnecessary burden on the Court's

16  limited resources.  See Whitaker v. Superior Court of San Francisco, 514 U.S. 208,

17  210 (1995) (goal of fairly dispensing justice compromised when court is forced to

18  devote its limited resources to processing of repetitious and frivolous requests)

19  (citation omitted).  Further, the persistent, improper removals also appear to be an

20  improper attempt to judge shop, and constitute precisely the type of vexatious

21  conduct that warrant further remedial punitive action if Defendant continues to

22  persist in this improper conduct.  See, e.g., Day v. Day, 510 U.S. 1, 2 (1993) (per

23  curiam) (directing Clerk not to accept further petitions for certiorari in noncriminal

24  matters from petitioner who had previously filed multiple frivolous petitions and as

25  to whom in forma pauperis status had repeatedly been denied, unless he paid the

26  filing fee and otherwise complied with pertinent court rules).

27     Accordingly, Defendant is hereby notified and warned that in the event she

28  again files a notice of removal of the underlying state unlawful detainer action, the

                                        3

1  Court will take punitive remedial action, which may include imposing monetary
2  sanctions as well as designating Defendant as a vexatious litigant and barring
3  Defendant from commencing any further removal actions with respect to the
4  underlying state unlawful detainer action.

5       IT IS SO ORDERED.

6
7  DATED: _____5/15/13_____
8
9  _____
10       HONORABLE GEORGE H. KING
11       CHIEF UNITED STATES DISTRICT JUDGE

12  Presented by
13
14
15  _____/s/_____
16  Honorable Jacqueline Chooljian
   UNITED STATE MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28